IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| RONALD H. JUDSON, JR.,          )<br>                                                       )<br>         Petitioner,                           )<br>                                                       )<br>v.                                                 )<br>                                                       )<br>T.R. CRAIG,                                  )<br>Warden, F.C.I. Beckley,              )<br>                                                       )<br>         Respondent.                       ) | Civil Action No. 5:07-0287 |

## **PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody.[1] (Document No. 1.) Petitioner contends that the BOP has "miscalculated his jail credit by placing the commencement date as April 21, 2005." (Id., p. 7.) Petitioner states that he began his "federal custody on or about January 24, 2005." (Id.) Petitioner states that he was arrested on January 4, 2005, for a domestic disturbance in Grand Rapids, Michigan. (Id.) Petitioner asserts that he was sentenced by the State of Michigan to 90 days incarceration on January 23, 2005, for possession of a controlled substance. (Id.) Subsequently, Petitioner alleges that he was transferred "to the federal government for pending charges, [but] no writ of ad prosequendum was ever filed in the United States District Court for the Eastern District of Michigan." (Id.) On June 23, 2005, Petitioner was convicted in United States District Court for the Eastern District of Michigan of voluntary manslaughter in violation of 18 U.S.C. § 1112. United States v. Judson, Case No. 04-cr-20059 (E.D.Mich. Oct. 13, 2005). On October 13, 2005, the

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

District Court sentenced Petitioner to a 40 month term of imprisonment, to be followed by a 3 year term of supervised release. Id. Petitioner did not appeal his conviction and sentence. Petitioner argues that he should receive jail credit towards his federal sentence beginning on January 24, 2005. (Document No. 1, p. 7.) Petitioner attaches a copy of a computation form and a sentencing monitoring form containing data indicating the Bureau of Prisons' determination on January 10, 2006, that he would be entitled to 175 days prior credit time and 157 days good conduct time so that his projected statutory release date would be March 17, 2008, if he served his term of incarceration without any disciplinary violations. (Document No. 1-3, pp. 10 - 11.) It appears from the record in Criminal No. 1:04-20059 that Petitioner was released from custody and his term of supervised release commenced. Petitioner's term of supervised release was recently revoked. United States v. Judson, Case No. 04-cr-20059, Document No. 45.

By Order entered on February 20, 2008, the undersigned ordered that the Clerk send Petitioner a copy of a form Application to Proceed *in forma pauperis* and that Petitioner pay the $5.00 filing fee or file the Application to Proceed *in Forma Pauperis* and other documents as required by 28 U.S.C. § 1915(a)(1) and (2). (Document No. 4.) The Court further notified Petitioner that if he failed to file a proper Application to Proceed in Forma Pauperis or to pay the filing fee within twenty (20) days from the date of the Order, the undersigned would recommend dismissal of this case. (Id.) Petitioner has not responded to the Court's Order that was entered more than two years and one month ago. Accordingly, the undersigned has determined that Petitioner has failed to take any steps to prosecute this action, and therefore, Petitioner's Petition in this case should be dismissed.

## ANALYSIS

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure [2] and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* Petitioner's failure to prosecute *sua sponte*. See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).

Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall mail a certified copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

> (i) the degree of personal responsibility of the plaintiff;
> (ii) the amount of prejudice caused the defendant,
> (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
> (iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). In consideration of the first three factors, the

---

[2] Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication upon the merits.

Court finds that the delays in this case are attributable solely to the Petitioner as the Respondent has not been required to make an appearance in this action. Pursuant to 28 U.S.C. § 1915, federal courts may authorize the commencement of an inmate's civil action *in forma pauperis* upon the inmate's filing an Application to so proceed, together with an Affidavit stating the nature of the action and Petitioner's belief that he is entitled to redress. 28 U.S.C. §§ 1915(a)(1) and (2)(2002). "Section 1915 is intended to allow qualified litigants to proceed without having to advance the fees and costs associated with litigation." DeBlasio v. Gilmore, 315 F.3d 396, 398 (4th Cir. 2003). Petitioner has not responded to the Court's Order directing him either to pay the requisite $5.00 filing fee in full or to file an Application to Proceed *in Forma Pauperis*. (Document No. 4.) Petitioner, therefore, is the sole cause of the delays in this action. With respect to the second and third factors, although the record is void of further evidence indicating that Petitioner has a history of "deliberately proceeding in a dilatory fashion," the Court does not find that the named Respondent will be prejudiced by dismissal of Petitioner's Petition.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Petitioner that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Petitioner would be futile in view of Petitioner's failure to pay the filing fee. Moreover, explicit warnings of dismissal would be ineffective in view of Petitioner's failure to respond to the undersigned's Order entered over two years and one month ago advising Petitioner that the undersigned would recommend dismissal if Petitioner failed to complete and file the above forms (Document No. 4.). Accordingly, the undersigned has determined that this action should be dismissed without prejudice unless Petitioner is able to show good cause for his failure to prosecute.

Furthermore, the undersigned finds that Petitioner's Section 2241 Petition should be dismissed as moot. Even if Petitioner served as much as 87 more days in prison than he should have due to the Bureau of Prisons' incorrect calculation of his sentence, "[t]he objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release." United States v. Johnson, 529 U.S. 53, 59, 120 S.Ct. 1114, 1118, 146 L.Ed.2d 39 (2000). Accordingly, assuming that Petitioner is correct and he actually did serve more time in custody that he should have, there would be no collateral consequence as he serves his term of supervised release under 18 U.S.C. § 3624. Petitioner's term of supervised release could not be reduced. His Section 2241 Petition should therefore be dismissed as moot. See Porter v. United States, 2004 WL 3899008 (D.S.C.).[3]

## PROPOSAL AND RECOMMENDATION

The undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS**, that the District Court **DISMISS** Petitioner's § 2241 Application (Document No. 1), and remove this matter from the Court's docket.

Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have seventeen days (fourteen days, filing

---

[3] The undersigned further notes that it does not appear that Petitioner exhausted administrative grievance procedures before filing his Petition. Federal prisoners challenging the execution of their sentence must exhaust administrative remedies prior to seeking *habeas* review under 28 U.S.C. § 2241. *See Pelissero v. Thompson*, 170 F.3d 442, 445 (4th Cir. 1999); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Nothing in Petitioner's Section 2241 Petition indicates that he challenged the Bureau of Prisons' calculation of his period of incarceration through the available administrative grievance procedures.

of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation", transmit a copy of the same to counsel of record and mail a copy to Petitioner who is currently in custody at FCI McKean, P.O. Box 8000, Bradford, Pennsylvania 16701.

Date: April 7, 2010.

R. Clarke VanDervort
United States Magistrate Judge